**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 11-09445 BKT** |
| | **Chapter 13** |
| **MELISSA ALVARADO JIMENEZ** | |
| **Debtor** | |
| **MELISSA ALVARADO JIMENEZ and WILFRIDO TORRES RIVAS** | **Adversary No. 12-00430 BKT** |
| **Plaintiffs** | |
| **vs.** | |
| **GOLDEN ARCH DEVELOPMENT CORP., NINO ROTONDI, DARÍO LUKSEMBERG, ABC CORPORATION, JOHN DOE, and JANE DOE** | |
| **Defendants** | <span style="color:red">**FILED & ENTERED ON 04/09/15**</span> |

## <u>ORDER</u>

Before this Court is a *Motion for Reconsideration and/or Removal* filed by Melissa Alvarado Jimenez ("Ms. Alvarado") and Wilfrido Torres Rivas ("Mr. Torres" and collectively with Ms. Alvarado "Plaintiffs") [Dkt. No. 95], and *Opposition to Motion for Reconsideration* filed by Golden Arch Development Corp. ("Defendant") [Dkt. No. 100]. For the reasons set forth below, Plaintiffs' *Motion for Reconsideration and/or Removal* [Dkt. No. 95] is DENIED.

On December 28, 2012, Plaintiffs filed this adversary proceeding. In their complaint,

1

Plaintiffs plead causes of action for and/or under: (1) Retaliation; (2) 29 L.P.R.A. § 150; (3) 42 U.S.C. § 1981a(b)(1); (4) the United States Constitution; (5) the Constitution of the Commonwealth of Puerto Rico; (6) 31 L.P.R.A. § 5141; (7) 31 L.P.R.A. § 5142; and (8) Mr. Torres' economic anxiety, pain, and emotional anguish. Previous to this matter, Plaintiffs had filed a complaint against the same defendants before Judge José A. Fusté of the United States District Court for the District of Puerto Rico ("District Court"). Said matter was filed on February 25, 2011. Every single cause of action in this adversary proceeding was alleged in the District Court proceeding. On April 4, 2012, the District Court entered a final judgment dismissing the Plaintiffs' complaint with prejudice.

It appears evident that Plaintiffs are disregarding the District Court's judgment, and are attempting to take a second bite at the apple. "The doctrine of res judicata promotes the goals of fairness and efficiency by preventing vexatious or repetitive litigation." Caballero-Rivera v. Chase Manhattan Bank, N.A., 276 F.3d 85, 86 (1st Cir. 2002). "Federal res judicata principles govern the res judicata effect of a judgment entered in a prior federal suit." In re Iannochino, 242 F.3d 36, 41 (1st Cir. 2001). For the District Court's final judgement to bar the Plaintiffs' current claims there must be: "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." In re Iannochino, 242 F.3d 36, 43 (1st Cir. 2001) (citing Mass. School of Law v. American Bar Assoc., 142 F.3d 26, 37 (1st Cir.1998)). In the matter before this Court, "all three factors are so clearly present that only a brief discussion of them is necessary." Caballero-Rivera, 276 F.3d at 87. First, a "voluntary dismissal with

2

prejudice is ordinarily deemed a final judgment that satisfies the res judicata criterion." United States v. Cunan, 156 F.3d 110, 114 (1st Cir. 1998). On April 4, 2012, the District Court entered its final judgment dismissing the Plaintiffs complaint with prejudice. Second, by the causes of action in the instant case were all contained in the previous suit. Third, it is apparent that the two suits contain the same parties. Thus, the doctrine of res judicata precludes the Plaintiffs' claims.

WHEREFORE, IT IS ORDERED that Plaintiffs' *Motion for Reconsideration and/or Removal* [Dkt. No. 95] is DENIED.

In San Juan, Puerto Rico this 9th day of April, 2015.

Brian K. Tester
U.S. Bankruptcy Judge

3